

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 19-55 |
| LANCELOT DE MONTSEGUR<br>  aka Patrice Berthome<br>STEVEN JULIVER | |

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Jeffrey R. Bengel and Brendan T. Conway, Assistant United States Attorneys for said District, and submits this Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A federal grand jury returned a one-count superseding indictment against the above-named defendants for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Conspiracy to Commit Mail Fraud, Wire Fraud and Bank Fraud<br>From in and around 2016<br>to in and around February 2019 | 18 U.S.C. § 1349 |

### II. ELEMENTS OF THE OFFENSE

**As to Count One:**

In order for the crime of Conspiracy to Commit Mail Fraud, Wire Fraud and Bank Fraud , in violation of 18 U.S.C. § 1349 to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the conspiracy, agreement, or understanding to commit violations of 18 U.S.C. §§ 1341, 1343, and 1344(2) as described in the Indictment, was formed, reached, or entered into by two or more persons.

2. At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

> O'Malley, et al., 2 Federal Jury Practice and Instructions § 31.03 (2002) (revised to exclude overt act requirement, see Whitfield v. United States, 125 S.Ct. 687, 691 (2005); United States v. Shabani, 513 U.S. 10, 16 (1994)).

### III. PENALTIES

**As to Count One: Conspiracy to Commit Mail Fraud, Wire Fraud and Bank Fraud (18 U.S.C. § 1349):**

1. Imprisonment of not more than 30 years (18 U.S.C. §§ 1344 and 1349);

2. A fine not more than the greater of;

    (a) $1,000,000 (18 U.S.C. §§ 1344 and 1349);

    or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than five (5) years (18 U.S.C. § 3583);

4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed upon each defendant if the defendants are convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

### VI. FORFEITURE

As set forth in the Superseding Indictment, forfeiture is applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

BRENDAN T. CONWAY
Assistant U.S. Attorney
PA ID No. 78726